UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
CHRISTINA SANTIAGO,            :
                               :
            Plaintiff,         :
                               :  Civil Action No.: 3:17-cv-4927-BRM-LHG
       v.                      :
                               :  OPINION
UROLOGY GROUP OF PRINCETON, P.A.:
                               :
                               :
            Defendant.         :
_____:

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendants Urology Group of Princeton, P.A.'s ("UGP") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9.) Plaintiff Christina Santiago ("Santiago") opposes the motion. (ECF No. 10.) Having reviewed the parties' submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, UGP's motion is **GRANTED**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the Amended Complaint (ECF No. 7) as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Santiago began working for UGP as a medical biller on April 1, 2012. (ECF No. 7 ¶ 5.) In 2013, Santiago was involved in a motor vehicle accident, which caused her to sustain a chronic spinal injury. (*Id.* ¶ 6.) On July 15, 2016, Santiago began a period of short-term disability ("S.D.") to undergo spinal

surgery and to recuperate from surgery. (*Id.*) Santiago notified UGP the surgery would require the "removal of a L5-S1 disk and disk fusion." (*Id.* ¶ 7.)

On October 3, 2016, Santiago returned to work in a "full duty capacity." (*Id.* ¶ 8.) Santiago alleges, on October 12, 2016, she noticed UGP had hired another employee to do the work she used to do. (*Id.* ¶ 9.) Santiago claims UGP assured her this new hire did not affect her employment status. (*Id.* ¶ 10.) Santiago alleges she spoke to her supervisor that day, who stated Santiago would resume her former job duties." (*Id.* ¶ 11.)

A day after speaking with her supervisor, Santiago returned to S.D. for an additional four weeks to undergo physical therapy to help her recovery from spinal surgery. (*Id.* ¶ 12.) She alleges UGP received notice that Santiago's condition was "specified as spondyloysis." (*Id.*) Santiago claims UGP approved her additional four weeks on S.D. and acknowledged her return date would be November 15, 2016. (*Id.* ¶ 13.)

Santiago alleges she received a letter from UGP on October 25, 2016, which stated she was being terminated as of October 12, 2016 due to an unspecified incident of subordination (*Id.* ¶ 14.) She contends UGP's reason for her termination was pretextual and masked UGP's discriminatory animus. (*Id.* ¶ 15.)

Plaintiff alleges UGP violated the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12112(a) by terminating her because she was "regarded as" disabled and unreliable due to her time on S.D. (*Id.* ¶¶ 20, 24.)

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12 (b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228 (3d Cir. 2008). "[A] complaint

attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation'" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DECISION

Under the ADA, an "individual with a disability" is one who has "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) has a record of such an impairment, or (3) is regarded as having such an impairment." *Wishkin v. Potter*, 476 F.3d 180, 185 (3d Cir. 2007) (citing 29 U.S.C. § 705(20)(B)). Here, Santiago alleges she was discriminated against because she was "regarded as unreliable due to her prior health related absences." (ECF No. 7 ¶ 24.) Therefore, only the "regarded as" prong is relevant to this motion. To be "disabled" under the "regarded as" prong of the ADA's disability definition, a plaintiff must

> (1) ha[ve] a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation;
>
> (2) [have] a physical or mental impairment that substantially limits major life activities only as a result of the attitude of others toward such impairment; or
>
> (3) [have] none of the impairments [covered by the ADA] but is treated by a covered entity as having a substantially limiting impairment.

*Buskirk v. Apollo Metals*, 307 F.3d 160, 166 (3d Cir. 2002). The "perceived disability must . . . substantially limit a 'major life activity.'" The regarded as analysis "focuses not on [plaintiff] and his actual abilities, but rather on the reactions and perceptions of the persons interacting or working with him." *Kelly v. Drexel Univ.*, 94 F.3d 102, 108–09 (3d Cir.1996). Significantly, an employee cannot bring a claim under the ADA for "regarded as" discrimination if the perceived impairment or disability is "transitory and minor," which the ADA defines as an impairment that has "an actual or expected duration of 6 months or less." *Lackey v. Heart of Lancaster Reg'l Med. Ctr.*, 704 F. App'x. 41, 48 (3d Cir. 2017) (citing § 12102(3)(B)). "[T]he relevant inquiry is whether the

impairment that the employer perceived is an impairment that is transitory and minor." *Budhun v. Reading Hosp. and Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014).

UGP argues Santiago's claim should be dismissed for two reasons: (1) Santiago's Amended Complaint is based upon legal conclusions couched as allegations; and (2) Santiago fails to state a claim for "regarded as" discrimination under the ADA. (D.'s Br. in Supp. of the Mot. to Dismiss (ECF No. 9-2) at 2.) Because both arguments address the sufficiency of Santiago's pleading of her claim, the Court considers them jointly.

UGP contends Santiago alleges in a conclusory manner that "she was regarded as regarded as being disabled, because she took time off for *chronic or long term* medical conditions in the recent past." (ECF No. 7 ¶ 16.) UGP argues Santiago alleges no facts to support the conclusion she was so regarded. (ECF No. 9-2 at 3.) UGP contends the Amended Complaint includes no facts concerning how her employers or supervisors at UGP viewed her. (*Id.*) Finally, UGP claims Santiago cannot assert a claim for "regarded as" discrimination because she does not allege UGP perceived her condition to be more than transitory. (D.'s Reply Br. in Supp. of the Mot. to Dismiss (ECF No. 11-1) at 4-5.)

Santiago argues she has sufficiently pled an ADA claim. (Pl.'s Br. in Opp. to D.'s Mot. to Dismiss (ECF No. 10 at 4-5.) She points out the Amended Complaint includes facts concerning the timing of her termination. (*Id.* at 5.) Santiago also contends she has alleged facts that together state a claim for discrimination. (*Id.*) She alleges: (1) her supervisor assured her on October 12, 2016, that she would be restored to her former duties; (2) on October 13, 2016, she began a second stint on S.D. to undergo physical therapy; and (3) on October 25, 2016, she received a letter informing her she was being terminated for insubordination as of October 12, the day she was

assured she would return to her prior duties. (ECF No. 7 ¶¶ 11-14.) She posits the temporal proximity of these events support a claim of "regarded as" discrimination. (ECF No. 10 at 5.)

The Court finds Santiago has not sufficiently pled a "regarded as" claim under the ADA. Santiago pleads no facts to support her conclusory statement that "she was regarded as being disabled." (ECF No. 7 ¶ 16.) She alleges UGP knew she had undergone surgery in which a disk was removed and disk fusion was performed, and that she suffered from spondylolysis. (*Id.* ¶¶ 7, 12.) However, "[t]he awareness that an employee is sick combined with some change in his work assignments is not enough to satisfy the 'regarded as' prong of the ADA." *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 383 (3d Cir. 2002). In *Rinehimer*, the Third Circuit affirmed the district court's finding that plaintiff had not established he was regarded as disabled for the purposes of the ADA merely because his employer knew he had been sick with pneumonia and continued to have difficulty breathing. *Id.* Here, the fact UGP knew Santiago had spondylolysis does not establish it regarded her as disabled.

Further, Santiago does not plead any facts that support an allegation that UGP viewed her condition as more than transitory. *See Budhun*, 765 F.3d at 259 (3d Cir. 2014) (finding an employee's broken hand, which "resulted in the 'lost use of three fingers for approximately two months'" to be "objectively transitory and minor" and thus, insufficient for "regarded as" disability discrimination); *see also Vizi v. Outback Steakhouse*, 672 F. App'x. 168, 171 (3d Cir. 2016) (finding no case of "regarded as" discrimination when the employee "mentioned having had neck surgery" and alleged that "a supervisor expressed concern about her neck and back," because employee did not describe how the neck surgery had "limited one or more of her major life activities."). Santiago alleges no facts related to statements or actions by UGP personnel that indicate they perceived her to be disabled. Rather, the facts in the Amended Complaint indicate

Santiago needed fifteen weeks of S.D. to recover. (*See* ECF No. 7 ¶¶ 6, 8, 12.) That falls short of the six months necessary to show an injury is not objectively "transitory and minor" under the ADA. *Lackey*, 704 F. App'x. at 48 (citing § 12102(3)(B)).

Therefore, the Court finds Santiago has failed to state a claim for "regarded as" discrimination under the ADA, and the Amended Complaint is **DIMISSED**.

### IV.  CONCLUSION

For the reasons set forth above, UGP's Motion to Dismiss (ECF No. 9) is **GRANTED**. The Amended Complaint (ECF No. 7) is **DISMISSED**. Santiago may file a second amended complaint within twenty-one days curing the deficiencies in her Amended Complaint as identified in this Opinion. If she does not do so, the Complaint will be **DISMISSED WITH PREJUDICE**. An appropriate order will follow.

Date: July 19, 2018                                 */s/ Brian R. Martinotti*
                                                                                **HON. BRIAN R. MARTINOTTI**
                                                                                **UNITED STATES DISTRICT JUDGE**